NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0824n.06

No. 10-1745

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Dec 08, 2011*

LEONARD GREEN, Clerk

LORTZ, LIMITED, d/b/a Midwest Ordnance, )
)
    Petitioner-Appellant, )
)
v. )   ON APPEAL FROM THE UNITED
)   STATES DISTRICT COURT FOR
CURTIS W. GILBERT, Director of Industry )   THE EASTERN DISTRICT OF
Operations, Detroit Field Division, Bureau of Alcohol, )   MICHIGAN
Tobacco, Firearms & Explosives, )
)
    Respondent-Appellee. )
)
)

Before: GUY, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. The Gun Control Act directs the Attorney General of the United States to grant an application for a federal firearms license only if the applicant has not "willfully violated any of the provisions" of the statute. 18 U.S.C. § 923(d)(1). Lortz, Limited, the holder of a federal firearms license, applied to renew its license in 2002. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) denied Lortz's application in 2007 on several grounds, including that a manager at Lortz, Victor Reid Sr., had previously willfully violated the Gun Control Act. An administrative hearing officer upheld ATF's denial. Lortz then filed this suit in district court, which granted summary judgment to the agency. Lortz has not presented a genuine issue of material fact to show that the Attorney General lacked authority to deny its application, so we affirm.

We review the district court's grant of summary judgment de novo. *Appalachian Res. Dev. Corp. v. McCabe*, 387 F.3d 461, 463 (6th Cir. 2004). Under the Gun Control Act, we also review the Attorney General's licensing decision de novo, but limit our review to the question whether the Attorney General was "authorized to deny the application." 18 U.S.C. § 923(f)(3). Even a single prior violation of the statute authorizes denial. *Appalachian Res.*, 387 F.3d at 464.

It is not seriously disputed that Reid Sr. previously willfully violated the Gun Control Act—a federal district court determined as much in 2001. *Trader Vic's Ltd. v. O'Neill*, 169 F. Supp. 2d 957, 965 (N.D. Ind. 2001). What is contested is the district court's determination that Reid Sr. was an "applicant" for purposes of Lortz's application, in light of section 923(d)(1)(B). That provision states that "applicant" includes, "in the case of a corporation, partnership or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation." *Id.*

The undisputed evidence in the record, including the sworn testimony of Loretta Reid—Reid Sr.'s wife and the owner of Lortz—collectively establishes that Reid Sr. was a statutory "applicant" on Lortz's application. The company listed Reid Sr. as an officer on its 2005 federal income tax return and as a "manager" on numerous other tax forms. That the Reids made these designations to achieve preferable tax treatment is irrelevant—they signed the forms under penalty of perjury. Moreover, Loretta Reid testified that Reid Sr. independently hired a Lortz employee, participated in selling firearms and deciding which firearms to acquire for resale, and had check-writing authority for Lortz. (A.R. 323–26.) That ATF was aware of Reid Sr.'s involvement with Lortz several years prior to denying its application is also irrelevant—Reid Sr.'s adjudication as a willful violator only

became final one year before Lortz applied to renew its license. Because there is no genuine issue of material fact regarding Reid Sr.'s management-level role in Lortz, the Attorney General was authorized to deny Lortz's application.

Lortz also argues that ATF's refusal to renew its license violates the statute of limitations in 28 U.S.C. § 2462. That statute provides that "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued[.]" But it was Lortz, not ATF, that commenced these proceedings by filing its renewal application. And the denial of a federal firearms license is not an action to enforce a penalty. *See Barany v. Van Haelst*, No. 11-35005, 2011 WL 5056462, at *1 (9th Cir. Oct. 25, 2011). So section 2462 does not apply to this case.

The district court's judgment is affirmed.